# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIO J. RODRIGUEZ, III, | Case No. 1:18-cv-00859-BAM |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | (Doc. No. 18) |
| Defendant. | |

## I.     Background

Plaintiff Claudio J. Rodriguez, III ("Plaintiff") initiated this action on June 20, 2018.[1] (Doc. No. 1.)

On March 6, 2019, the Court issued an order granting Denise Bourgeois Haley's motion to withdraw as attorney of record for Plaintiff Claudio J. Rodriguez, III ("Plaintiff"). Plaintiff was substituted for counsel in propria persona and directed to either file an opening brief or retain new counsel within thirty (30) days after service of the Order.  Plaintiff was warned that his failure to comply with the Order may result in dismissal of this action for failure to obey a court order and failure to prosecute. (Doc. No. 16.) The Order was served on Plaintiff at his last known address.

---

[1] The parties have consented to have a Unites States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 6, 8.)

1

1    Plaintiff failed to file a timely opening brief or notice of substitution of new counsel.

2    Accordingly, on April 19, 2019, the Court issued an order directing Plaintiff to show cause why

3    this action should not be dismissed based on Plaintiff's failure to comply with the Court's order

4    and Plaintiff's failure to prosecute this action.  The Court ordered Plaintiff to file a written

5    response to the Court's show cause order or file an Opening Brief or substitution of counsel form

6    no later than May 3, 2019.  Plaintiff was advised that his failure to respond to the order would

7    result in the dismissal of this action for failure to obey a court order and failure to prosecute.

8    (Doc. No. 18.)  These communications with Plaintiff have not been returned as undeliverable.

9    Plaintiff did not file a written response, an Opening Brief or a substitution of counsel form and

10    the time period for doing so has expired.

11    **II.    Discussion**

12    Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

13    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

14    within the inherent power of the Court."  District courts have the inherent power to control their

15    dockets and "[i]n the exercise of that power they may impose sanctions including, where

16    appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

17    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

18    failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46

19    F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet,

20    963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

21    amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987)

22    (dismissal for failure to comply with court order).

23    In determining whether to dismiss an action, the Court must consider several factors: (1)

24    the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

25    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

26    cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

27    F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

28    Here, the action has been pending since June 2018 and Plaintiff has not complied with this

1  Court's orders.  Plaintiff has not filed an Opening Brief, retained counsel, communicated with the

2  Court or otherwise resumed prosecution of this action.  The Court cannot hold this case in

3  abeyance awaiting compliance by Plaintiff.  Thus, the Court finds that both the first and second

4  factors weigh in favor of dismissal.

5  The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

6  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

7  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs

8  against dismissal because public policy favors disposition on the merits.  Pagtalunan v. Galaza,

9  291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

10  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

11  progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Prods. Liab.

12  Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

13  Finally, the court's warning to a party that failure to obey the court's order will result in

14  dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262;

15  Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's March 6, 2019 order warned

16  Plaintiff that his failure to file an Opening Brief or retain counsel within thirty days may result in

17  dismissal of this action.  (Doc. No. 16.)  Further, the Court's April 19, 2019 show cause order

18  warned Plaintiff that his failure to comply with that order may result in dismissal of this action.

19  (Doc. No. 18.)  Thus, Plaintiff had adequate warning that dismissal could result from his

20  noncompliance. Additionally, at this stage in the proceedings there is little available to the Court

21  which would constitute a satisfactory lesser sanction while protecting the Court from further

22  unnecessary expenditure of its scarce resources.  Monetary sanctions or the preclusion of

23  evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

24  ///

25  ///

26  ///

27  ///

28  ///

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that this action be dismissed based on Plaintiff's failure to prosecute this action and for failure to obey court orders.

IT IS SO ORDERED.

Dated: __**May 13, 2019**__                    ___/s/ *Barbara A. McAuliffe*___
                                                          UNITED STATES MAGISTRATE JUDGE